UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

**UNITED STATES OF AMERICA**
              **Plaintiff**

v.                                                                Case Number 8:08CR61-001

                                                                  USM Number 22192-047

**RICHARD RIDPATH**
              **Defendant**

                                                                  **ANDREW D. STROTMAN**

                                                                  **Defendant's Attorney**

_____

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Date of Original Judgment: 03/23/2009
(Or Date of Last Amended Judgment)

**Reason for Amendment:**
    Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36) regarding the conditions of probation.

**THE DEFENDANT** on pleaded guilty to Count I of the Information on October 17, 2008.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 8:1324a(a)(2); 8:1324a(f)(1) and 18:2 - CONTINUED EMPLOYMENT OF ILLEGAL ALIENS | June 26, 2007 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Indictment is dismissed on motion of the Government as to this defendant only.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                    Date of Imposition of Sentence:
                                                                March 16, 2009

                                                           s/ Laurie Smith Camp
                                                         United States District Judge

                                                                March 31, 2009

Defendant: RICHARD RIDPATH    Page 2 of 5
Case Number: 8:08CR61-001

## PROBATION

The defendant is hereby sentenced to probation for a term of **five (5) Years commencing March 16, 2009**.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The requirement of 18 U.S.C. 3563(a)(5) regarding drug testing within 15 days of release on probation and at least two periodic drug tests thereafter, is suspended until further order of the Court because the Presentence Investigation Report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with any additional conditions.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

Defendant: RICHARD RIDPATH  Page 3 of 5
Case Number: 8:08CR61-001

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit his or her person, residence, office, or vehicle to a search conducted by a United States Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall complete **one hundred twenty-five (125) hours** of community service as approved and directed by the United States Probation Officer. The defendant shall be responsible for providing the United States Probation Officer with written proof of the number of hours completed.

3. Defendant shall participate in the Victim Awareness Program as directed by the U. S. Probation Officer. Based on the defendant's ability to pay, the defendant shall pay for the cost of the program in an amount determined by the probation officer.

4. The defendant shall pay a fine in the amount of **3,000.00** to the Clerk of the United States District Court, 111 S. 18th Plaza, Suite 1152, Omaha, Nebraska 68102. This amount is due immediately.

5. The defendant shall provide the United States Probation officer with access to any requested financial information.

6. The defendant shall report to the United States Probation office for the District of Nebraska between the hours of 8:00am and 4:30pm, 111 South 18th Plaza, Suite C79, Omaha Nebraska, (402) 661-7555, within seventy-two (72) hours of being placed on probation and, thereafter, as directed by the probation officer.

Defendant: RICHARD RIDPATH  Page 4 of 5
Case Number: 8:08CR61-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $10.00 (Paid) | $3,000.00 of which a balance of $2,700.00 remains due and payable. | |

interest requirement is waived.

## FINE

A Fine in the amount of $3,000.00 is imposed.

## RESTITUTION

No restitution was ordered.

Defendant: RICHARD RIDPATH                                                                                      Page 5 of 5
Case Number: 8:08CR61-001

# SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $10.00 (paid) and the fine in the amount of $3,000.00 of which a balance of $2,700.00 remains due and payable.

The criminal monetary penalty is due in full on the date of the judgment. The defendant is obligated to pay said sum immediately if he or she has the capacity to do so. The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $87.00 or 5% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following sentencing, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties. Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court. Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of Court for the District of Nebraska, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk